UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL URSPRUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-836-NAB |
| | ) | |
| KENDRA URSPRUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Michael Ursprung for leave to proceed *in forma pauperis*. (Docket No. 2). Having reviewed the financial information plaintiff submitted in support, the Court determines that he is unable to pay the filing fee. The motion will therefore be granted. In addition, as will be explained below, this case will be dismissed.

Plaintiff commenced this action on March 6, 2017, and filed an amended complaint on March 9, 2017. The filing of an amended complaint replaces the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Here, the amended complaint is defective because it is unsigned. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all his pleadings, motions, and other papers, and provides that the court "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Therefore, the Court would normally call the omission to the plaintiff's attention and afford him an opportunity to correct it. However, doing so here would be futile because this Court lacks subject matter jurisdiction over this case, and must therefore dismiss it. Fed. R. Civ. P. 12(h)(3) (""[i]f the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

In the amended complaint, plaintiff avers that a court in Madison County, Illinois entered a default judgment against him in his divorce proceedings, and as a result he was deprived of life, liberty and property in violation of his constitutional rights. Plaintiff avers that he now lives in his "R.V. my bike is my only means of transportation I and my pets will have no shelter . . ." . (Docket No. 6 at 3). As relief, plaintiff asks the Court "to uphold constitutional law to make Madison County Ill. obey Illinois state law to have St. Louis County Mo. obey constitutional & state law have my property returned to me & my rights protected." (*Id.* at 4). Plaintiff seeks monetary damages due to "her lies & harassment resulted in a inability to work & theft of all my belongings." (*Id.*)

Under the *Rooker/Feldman* doctrine, one who lost in state court is barred from seeking appellate review in federal district court based on his claim that the state judgment itself violated his federal rights. *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The *Rooker/Feldman* doctrine bars straightforward appeals of state court decisions in federal court, and also bars indirect attempts to undermine state court decisions in federal court. *Lemonds v. St. Louis County*, 222 F.3d 488, 492–93 (8th Cir. 2000). In *Lemonds*, the Eighth Circuit explained that federal district courts are barred from exercising jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. *Id.* (internal citations omitted). The federal claim can be found to be inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court was wrong. *Id.* at 493. The key inquiry "must be whether the federal plaintiff's interest in having a state rule set aside is inseparable from his interest in upsetting a particular state court judgment based on that rule." *Id.* at 495.

Here, plaintiff asserts that the state court was wrong to enter a default judgment against him in his divorce case, and asks this Court to upset that judgment and order that his property be returned to him. Having liberally construed the amended complaint, the Court determines that plaintiff's claims for relief are so inextricably intertwined with specific claims already adjudicated in state court that this Court lacks subject matter jurisdiction. *See Lemonds*, 222 F.3d 488. The federal court is not the proper forum for plaintiff to appeal the state court's decisions.

In addition, plaintiff's claims related to his state court proceedings are barred by the domestic relations exception that "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994). As above, plaintiff's claims stem entirely from his dissatisfaction with the rulings made in state court with regard to his divorce proceedings. The Court therefore determines that they fall under the domestic relations exception, and declines to exercise jurisdiction over them.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Michael Ursprung's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff Michael Ursprung's motion to appoint counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of March, 2017.

　　　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE